UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14022-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID HALL,

    Defendant.
_____/

FILED by _____ D.C.

OCT 17 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE NOTICE OF APPEAL [D.E. #60] AND THE ELEVENTH CIRCUIT COURT OF APPEALS' LIMITED REMAND [D.E. #63]

**THIS CAUSE** having come before the Court upon an Order of Reference from the District Court in respect to the limited remand from the Eleventh Circuit Court of Appeals concerning the Defendant's untimely filing of his Notice of Appeal, and this Court having conducted an evidentiary hearing on October 17, 2008, at which time testimony was received from the Defendant, this Court makes the following recommendation.

1.    The Order of the Eleventh Circuit Court of Appeals dated August 22, 2008 asserts that the Defendant's Notice of Appeal was filed on July 16, 2008, and therefore untimely as to Judge Martinez' Order of June 20, 2008, denying the Defendant's Motion For Reduction Of Sentence. The Court of Appeals goes on in its Order to state that the Defendant did file his Notice of Appeal within the thirty day time period for which Federal Rule of Appellate Procedure 4(b)(4) permits an extension. Therefore, the matter was remanded to this Court for "a determination of whether an extension is merited under Fed.R.App.P. 4(b)(4)."

2.    This Court took sworn testimony from the Defendant. He testified that he did not receive Judge Martinez' Order denying his original Motion For Reduction Of Sentence until on or about June 30, 2008. The Defendant is housed at the Bureau of Prisons facility in Coleman. The Defendant testified that upon receipt of Judge Martinez' Order denying

his request for reduction of sentence, that the Defendant was not able to immediately prepare a Notice of Appeal due to the fact that he did not have stamps or other materials to prepare and mail such a notice. He testified under oath before this Court that he was only permitted to go back and forth to "chow" and not permitted to go to the commissary to purchase the necessary materials to prepare his Notice of Appeal.

3. The Defendant also testified that shortly thereafter, on July 8, 2008, the Coleman facility was placed on lockdown status through July 11, 2008. The Defendant testified that the lockdown status is not immediately brought up to allow movement around the prison. Instead, once the lockdown ends, the prison is once again brought up slowly to normal status. Once he was able to get to the commissary to purchase the necessary stamps and materials to prepare his Notice of Appeal, he did so. The Notice of Appeal dated July 16, 2008 was then filed by the Defendant.

4. The government did not have any evidence to contradict the assertions and testimony given by the Defendant.

5. In determining whether or not the Defendant has filed an untimely Notice of Appeal and/or whether or not such untimely notice should be considered a motion for extension of time under the appellate rules, this Court has to look to all of the relevant circumstances. This is why the Court needed to have the Defendant in court to testify under oath as to what exactly had taken place. See Wright v. Deyton, 757 F.2d 1253 (11th Cir. 1985). According to the only evidence and testimony before this Court as given by the Defendant at the hearing, he did not have the materials to prepare the Notice of Appeal after receiving Judge Martinez' Order on or about June 30, 2008. The prison was then placed on a lockdown status within the next week and he was unable to prepare his Notice of Appeal until he did so on July 16, 2008. This is a short period of time and therefore short extension. The delay does demonstrate good cause or excusable neglect for such

an untimely filing of a Notice of Appeal. See United States v. Bell, 2008 WL 2954142 (M.D. Fla. 2008).

6. With all of the above being said, this Court believes that rather than having the Defendant file another Notice of Appeal and further delay the post-sentencing proceedings in this case, that this Court recommends that the Notice of Appeal previously filed be considered a request to review Judge Martinez' Order of June 20, 2008 denying the Defendant's original Motion For Reduction Of Sentence. There appears to be no reason why the Defendant needs to file another Notice of Appeal to state the same things and request the same relief.

7. In order to best utilize the time of the appellate court and to facilitate a review of all post-sentencing proceedings involved in this matter, this Court recommends that the District Court enter an order finding that the untimely Notice of Appeal is justified to be considered as an extension of time and that the present Notice of Appeal on record with the Court of Appeals be considered an appeal of Judge Martinez' Order of June 20, 2008.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's untimely Notice of Appeal be considered a motion for extension of time under Fed.R.App.P. 4(b)(4) and that the Defendant not be required to file a new notice of appeal, and that his Notice of Appeal already on file with the Court of Appeals be considered a request to appeal Judge Martinez' Order of June 20, 2008, denying the Defendant's Request For Reduction Of Sentence.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 17th day of October, 2008, at Ft. Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. Jose E. Martinez
AUSA Theodore M. Cooperstein
Clerk, 11th Circuit Court of Appeals
David Hall, Reg. No. 75914-004
  USP - Coleman I
  P. O. Box 1033
  Coleman, FL 33521-1033