**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-14022-CR-MARTINEZ/MAYNARD**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**DAVID HALL,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**ADMISSIONS TO VIOLATION NUMBERS 1, 2, 3, 4, 5, 6, 7, 8 AND 10**

**THIS CAUSE** having come before the Court on the pending Petition for Offender under Supervision ("Petition"), and this Court having convened a hearing, now recommends to the District Court as follows:

1.      The Defendant appeared before this Court on September 30, 2020 for a hearing on the Petition, which alleges ten violations of supervised release.  The hearing was convened via videoconference on the Zoom platform.

2.      At the hearing's outset, the Court advised the Defendant of his right to appear in person for the proceeding.  The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference.  Defendant signed a written Consent to Appear by Videoconference Form that will be filed in the record in this case.  Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary.  The Court also finds, pursuant to the CARES Act,

H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

3.      After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1, 2, 3, 4, 5, 6, 7, 8 and 10 as set forth in the Petition.  The government agreed to seek dismissal of Violation 9 at sentencing.

4.      Defendant admitted the following violations:

**Violation Number 1**

**Violation of Standard Condition**, by failing to notify the probation office of a change in employment.  During the month of December 2019, the defendant left employment with Oxygen Development, 1525 South Congress Ave, Palm Springs, Florida, and he failed to notify the probation office ten days prior to any change.

**Violation Number 2**

**Violation of Standard Condition**, by failing to notify the probation office of a change in employment.  On or about February 18, 2020, the defendant left employment with Americat, 3340 North U.S. Highway 1, Fort Pierce, Florida, and he failed to notify the probation office ten days prior to any change.

**Violation Number 3**

**Violation of Standard Condition**, by failing to report to the probation officer as directed.  On February 18, 2020, during a field visit, the defendant was instructed to report to the U.S. Probation Office, located in Fort Pierce, Florida, every Monday, and he failed to report on February 24, 2020.

**Violation Number 4**

**Violation of Standard Condition**, by failing to report to the probation officer as directed.  On March 3, 2020, during an office visit, the defendant was instructed to report to the U.S. Probation Office, located in Fort Pierce, Florida, every Monday, and he failed to report on March 9, 16 and 23, 2020.

**Violation Number 5**

**Violation of Standard Condition**, by failing to follow the instructions of the probation officer.  On March 27, 2020, the defendant was instructed to text the probation officer, every Monday, a job search log, proof of income, and information of side jobs completed, and the defendant failed to follow this instruction.

**Violation Number 6**

**Violation of Standard Condition**, by failing to follow the instructions of the probation officer.  On April 3, 2020, the defendant was instructed to call the probation officer every Monday to provide a status on employment, and the defendant failed to follow this instruction.

**Violation Number 7**

**Violation of Standard Condition**, by failing to follow the instructions of the probation officer.  On May 29, 2020, the defendant was instructed to text the probation officer, every Monday, a job search log and the defendant failed to follow this instruction.

**Violation Number 8**

**Violation of Standard Condition**, by failing to follow the instructions of the probation officer.  On June 22, 2020, the defendant was instructed to text the probation officer, every Monday, a job search log, proof of income, and information of side jobs completed, and the defendant failed to follow this instruction.

**Violation Number 10**

**Violation of Standard Condition**, by failing submit a truthful and complete written monthly report within the first five days of each month.  The defendant failed to submit a written monthly report for the months of October through December 2019, January through March 2020, and May through June 2020.

5.     The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 1, 2, 3, 4, 5, 6, 7, 8 and 10. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

6.     The Government verbally proffered a factual basis for the admissions into the record.  After listening to the Government's proffer, the Defendant acknowledged that he completely understands the factual proffer and agrees that it accurately set forth the facts in his case as he understands them to be.  He agreed that the government could prove those facts against

him were a hearing to be held in this matter.  This Court finds that the facts proffered by the Government establish a sufficient basis to support Defendant's admissions to Violation Numbers 1, 2, 3, 4, 5, 6, 7, 8 and 10.

7.      The possible maximum penalties faced by the Defendant were read into the record by the government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 1, 2, 3, 4, 5, 6, 7, 8 and 10, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>30th</u> day of September, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE