UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14022-CR-MARTINEZ/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**DAVID HALL,**

    **Defendant.**
_____/

### REPORT AND RECOMMENDATION ON THE FOURTH SUPERSEDING PETITION FOR OFFENDER UNDER SUPERVISION (DE 113)

**THIS CAUSE** is before me for consideration of the pending Fourth Superseding Petition for Offender under Supervision ("Fourth Superseding Petition") (DE 113). Having conducted a hearing on March 25, 2022, I recommend as follows:

1. This supervised release matter has a lengthy history. On July 22, 2020, the United States Probation Office filed a Petition alleging that Defendant had violated his supervised release ("initial Petition") (DE 83). The initial Petition alleged ten violations of supervised release (Violation Numbers 1 through 10). DE 83. On September 30, 2020, Defendant appeared before me and admitted Violation Numbers 1, 2, 3, 4, 5, 6, 7, 8, and 10 of the initial Petition. DE 95, 96. The Government agreed to dismiss Violation Number 9 of the initial Petition at time of sentencing. *Id*. I issued a Report and Recommendation ("R&R") recommending that Defendant's admissions to Violation Numbers 1, 2, 3, 4, 5, 6, 7, 8, and 10 be accepted. DE 96. On October 15, 2020, United States District Judge Jose E. Martinez adopted the R&R. DE 97. Defendant subsequently failed to appear for a status conference and his sentencing hearing. DE 107, 110.

2. The United States Probation Office filed Second, Third, and Fourth Superseding Petitions in this case. DE 109, 112, 113. Now pending is the Fourth Superseding Petition, which alleges the same conduct as the initial Petition in Violation Numbers 1 through 10. *Compare* DE 113 *with* DE 83. The Fourth Superseding Petition adds new violations of supervised release in Violation Numbers 11 through 21. DE 113.

3. On March 25, 2022, the Defendant appeared before me for a hearing on the Fourth Superseding Petition. He was represented by Assistant Federal Public Defender Panayotta Augustin Birch. Assistant United States Attorney Luisa Berti was present on behalf of the United States. United States Probation Officer Amanda Maghan was also present.

4. The parties agreed that Violation Numbers 1 through 10 have already been resolved. Defendant admitted Violation Numbers 1, 2, 3, 4, 5, 6, 7, 8 and 10 previously on August 30, 2020, and the R&R regarding those violations has been adopted. DE 96, DE 97. The Government stands by its agreement to recommend dismissal of Violation Number 9 after sentencing.

5. After consultation with his attorney, Defendant announced at the March 25, 2022 hearing that he wished to admit Violation Numbers 11, 12, 13, 14, and 21 as alleged in the Fourth Superseding Petition. Defendant admitted these violations, which allege:

| | |
|---|---|
| **Violation Number 11** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 24, 2020, in Saint Lucie County, Florida, the defendant did commit resisting officer or interfere with a law enforcement officer without violence, contrary to Florida Statute 843.02. |
| **Violation Number 12** | **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about October 24, 2020, the defendant was questioned by Officer Troy Carter of the Fort Pierce Police Department, Fort |

|                      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
|----------------------|---|
|                      | Pierce, Florida, and he failed to advise the U.S. Probation Officer. |
| **Violation Number 13** | **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On October 28, 2020, the defendant was questioned regarding contact with law enforcement, and stated, he did not have contact with law enforcement on October 24, 2020, when in fact, evidence, an offense report submitted by Officer Carter, of the Fort Pierce Police Department, and Officer Carter's body camera video, indicate this to be false. |
| **Violation Number 14** | **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant has failed to submit a written monthly report for the months of September and October 2020. |
| **Violation Number 21** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 16, 2021, in St. Lucie County, Florida, the defendant committed the offense of possession of a controlled substance without a prescription, contrary to Florida Statute 893.13(6)(a). |

6. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

7. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understood that if his admissions to Violation Numbers 11, 12, 13, 14, and 21 are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

8. The Government proffered a factual basis for Defendant's admissions to Violation Numbers 11, 12, 13, 14, and 21. The Defendant agreed that the facts proffered by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having

heard the factual proffer, I find that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 11, 12, 13, 14, and 21.

9. The Government agreed to recommend dismissal of Violation Numbers 15, 16, 17, 18, 19, and 20 at the time of sentencing.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, and my prior R&R (DE 96) that Judge Martinez adopted (DE 97), I recommend that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, and 21, and that a sentencing hearing be set for final disposition of this matter. The Government has agreed to recommend dismissal of Violation Numbers 9, 15, 16, 17, 18, 19, and 20 after sentencing.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 25th day of March, 2022.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE